**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2514-WJM-KMT

LEATHEM STEARN,
UTE MESA LOT 1, LLC, a Colorado limited liability company, and
UTE MESA LOT 2, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

CATALUS CAPITAL, LLC, a Connecticut limited liability company,

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

---

Plaintiffs Leathem Stearn, Ute Mesa Lot 1, LLC ("Ute Mesa Lot 1"), and Ute Mesa Lot 2, LLC ("Ute Mesa Lot 2"), (collectively, the "Plaintiffs"), bring this action against Catalus Capital, LLC ("Defendant") for alleged breach of contract and conversion. Before this Court is Defendant's Motion to Dismiss ("Motion"). (ECF No. 18.) For the reasons set forth below, Defendant's Motion is Denied.

### I. BACKGROUND

Ute Mesa Lot 1 and Ute Mesa Lot 2, both limited liability companies, developed two separate parcels of real property in Aspen, Colorado, known as Lot 1 and Lot 2. (Compl. (ECF No. 1) ¶ 9.) High-end residential properties were to be built on each of the parcels of property. (*Id.* ¶ 10.) Ute Mesa Lot 1 and Ute Mesa Lot 2 procured separate construction loans from different lenders to build single high-end residential properties on each of the parcels of property. (*Id.* ¶ 11.) While the house on Lot 2 was

constructed (*id.* ¶ 13), the house on Lot 1 was not constructed because Ute Mesa Lot 1 filed Chapter 11 Bankruptcy in 2010 (*Id.* ¶ 12).

Plaintiffs then sought financing that would permit them to complete construction on Lot 1 and pay off the loan on Lot 2. (*Id.* ¶ 16.) Accordingly, on or about February 1, 2013, Plaintiffs entered into negotiations with Defendant to provide a line of credit. (*Id.* ¶ 17.) On February 27, 2013, Plaintiffs and Defendant entered into an agreement setting forth the material terms of a $29,000,000 loan entitled "Aspen-Indicative Summary of Terms $29,000,000 Debt Facility" (the "Term Sheet"). (*Id.* ¶ 22; *see also* ECF No. 18-2.)

Per the provisions of the Term Sheet, Plaintiffs advanced Defendant $65,000 for expenses relating to the making of the loan. (*Id.* ¶¶ 28-30, 32.) Although Defendant had been tasked with creating a loan document described in the Term Sheet (*id.* ¶ 36), in May 2013, Defendant presented Plaintiffs with a new, materially different Term Sheet (*id.* ¶ 33).

Plaintiffs demanded return of the $65,000 they had provided to Defendant. (*Id.* ¶ 38.) Defendant refused Plaintiffs' demand and admitted that it retained nearly $10,000 belonging to Plaintiffs that had not been spent. (*Id.* ¶ 39.) Defendant has not returned any portion of Plaintiffs' money. (*Id.* ¶ 42.)

On these facts, Plaintiffs filed this action against Defendant on September 16, 2013, asserting causes of action for breach of contract and conversion. (ECF No. 1.) On October 24, 2013, Defendant moved to dismiss all of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) On November 14, 2013, Plaintiffs filed

their Opposition to Defendant's Motion (ECF No. 19), and Defendant filed its Reply on November 29, 2013 (ECF No. 20).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

Defendant moves to dismiss Plaintiffs' claims for breach of contract and conversion under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) The parties agree that, for the purposes of this Motion, Connecticut law applies. (ECF Nos. 18-1 at 3; 19 at 9 n.2.)

**A.     Breach of Contract**

Under Connecticut Law, in order to state a claim for breach of contract, a plaintiff must allege "the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." *Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 87 A.3d 534, 540 (Conn. 2014).

Defendant argues that Plaintiffs have failed to sufficiently plead the formation of an agreement. (ECF No. 18-1 at 4.) "Whether . . . parties intended legally to bind themselves prior to the execution of a formal contract is to be determined from (1) the language used, (2) the circumstances surrounding the transaction, and (3) the purpose that they sought to accomplish." *Friedman v. Donenfeld*, 882 A.2d 1286, 1290 (Conn. App. Ct. 2005).

Here, the Term Sheet states that Plaintiffs "acknowledge[] that the provisions described are non binding . . . . Notwithstanding the foregoing, [Plaintiffs] acknowledge[] the binding nature of, and agrees to comply with, the provisions under the Indemnification, Governing Law, Diligence Expenses, and Exclusivity headings." (ECF No. 18-2 at 5.) The parties agree that the four aforementioned provisions are binding. (ECF No. 18-1 at 4-5; 19 at 9.)

Plaintiffs claim, in part, that Defendant breached the Diligence Expenses provision of the Term Sheet.[1] (*Id.; see also* ECF No. 19 at 9.) Because Defendant

---

[1] Plaintiffs also claim that Defendants breached the Exclusivity provision of the Term Sheet. (ECF No. 19 at 9.) Since the Court has found that Plaintiffs sufficiently alleged that Defendant breached the Diligence Expenses provision of the Term Sheet, it need not analyze whether Plaintiffs stated a claim that Defendant breached the Indemnification provision as well.

admits that the Diligence Expenses provision is binding, the Court finds that Plaintiffs have sufficiently pled the existence of a binding agreement.

Defendant also argues that Plaintiffs have not pled that Defendant breached the Term Sheet.  (ECF No. 18-1 at 6.)  Specifically, Defendant argues that since Plaintiffs did not specify which provisions of the Term Sheet were allegedly breached, it is not possible to ascertain whether Plaintiffs allege that Defendant breached a binding, or non-binding, provision.  (*Id.*)

Although Plaintiffs' Complaint merely states that "[t]he Term Sheet Agreement was binding upon the parties" (ECF No. 1 ¶ 49), Plaintiffs' brief clarifies that Defendant breached the Diligence Expenses provision, among other provisions (*see* ECF No. 19 at 9).  The Court can consider this brief in ruling on the instant Motion.  *See Pegram v. Herdrich*, 530 U.S. 211, 230 n.10 (2000) (explaining that a court may use a plaintiff's brief to clarify allegations in the complaint).

The Diligence Expenses provision provides that "[Plaintiffs] will pay all reasonable costs and expenses required to satisfy the conditions hereof and the making of the loan. . . .  In the event this Loan is not consummated, the unused portion of the Expense Deposit shall be refunded to [Plaintiffs]."  (ECF No. 18-2 at 3.)  Plaintiffs allege that they advanced $65,000 to Defendant for reasonable costs and expenses. (*Id.* ¶¶ 28-30, 32.)  Plaintiffs also allege that Defendant has admitted to retaining "nearly $10,000 belonging to Plaintiffs that had not been spent, [and have] refused to even return that sum."  (*Id.* ¶ 39; *see also id.* ¶ 55.)  As the language in the Term Sheet requires Defendant to return the unused portion of Plaintiffs' advance, the Court finds

that Plaintiffs have sufficiently pled that Defendant breached the Term Sheet.

Finally, Defendant argues that Plaintiffs have not sufficiently pled that they were damaged or that Defendant's alleged breach was the cause of the alleged damage. (ECF No. 18-1 at 8.) Plaintiffs, however, allege that Defendant has "refus[ed] to return money that it did not spend which belongs to Plaintiffs[.]" (ECF No. 1 ¶ 55.) Therefore, the Court finds that Plaintiffs have sufficiently pled that they were damaged by Defendant's refusal to return the money.

Because Plaintiffs have pled sufficient facts to satisfy each element of their breach of contract claim, Defendant's Motion to Dismiss Plaintiffs' claim for breach of contract is denied.

**B.    Conversion**

Plaintiffs also allege that Defendant committed conversion by refusing to return Plaintiffs' money. (ECF No. 19 at 3.) Under Connecticut law, conversion is the "unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights." *Macomber v. Travelers Prop. & Cas. Corp.*, 804 A.2d 180, 198 (Conn. 2002) (citation omitted). "[M]oney can clearly be subject to conversion" so long as plaintiffs establish "legal ownership or the right to possession of specifically identifiable moneys." *Deming v. Nationwide Mut. Ins. Co.*, 905 A.2d 623, 640 (Conn. 2006) (citation omitted).

"[T]here are two 'general classes' of conversion: (1) that in which possession of the allegedly converted goods is wrongful from the onset; and (2) that in which the conversion arises subsequent to an initial rightful possession." *Luciani v. Stop & Shop*

*Companies, Inc.*, 544 A.2d 1238, 1240 (Conn. App. Ct. 1988).  In the latter class, demand for the return of the property is required when the possession becomes wrongful by reason of wrongful detention.  *Id.*

In order to state a claim for conversion, Plaintiffs must plead that: (1) the money [they] gave Defendant belonged to Plaintiffs; (2) Defendant deprived Plaintiffs of this money for an indefinite period of time; (3) Defendant's conduct was unauthorized; and (4) Defendant's conduct harmed Plaintiffs.  *See Discover Leasing, Inc. v. Murphy*, 635 A.2d 843, 846-47 (Conn. App. Ct. 1993).  Additionally, because the parties agree that Defendant's initial possession of the $65,000 advance was proper (ECF No. 19 at 14; ECF No. 18-1 at 11), Plaintiffs must also plead that they demanded return of the money and that the demand was refused.[2]  *Luciani*, 544 A.2d at 1240.

In their Complaint, Plaintiffs allege that they advanced $65,000 to Defendant for reasonable costs and expenses to satisfy the conditions of the Term Sheet.  (*Id.* ¶¶ 28-30, 32.)  The Term Sheet states that "[i]n the event this Loan is not consummated, the unused portion of the Expense Deposit shall be refunded to [Plaintiffs]."  (ECF No. 18-2 at 3.)  Plaintiffs allege that "Defendant acknowledged it held Plaintiffs' money, some of which had not been spent."  (ECF No. 1 ¶ 62.)  Plaintiffs argue that the retention of Plaintiffs' money was unauthorized by the express terms of the Term Sheet.  (ECF No.

---

[2] Defendant argues that since Plaintiffs agreed to provide Defendant Diligence Expenses, Plaintiffs have not pled facts that plausibly raise an inference that there was an unauthorized assumption and exercise of the right of ownership over goods belonging to Plaintiffs by Defendant. (ECF No. 18-1 at 11.)  Defendant's argument overlooks authority holding that even if initial possession was lawful, retention of the property becomes actionable as conversion "when the detention [becomes] wrongful by reason of the defendant's refusal to comply with the plaintiff's demand for its return."  *See Cyrankowski v. Desrocher*, 2011 WL 3427219 (Conn. Super. Ct. July 7, 2011).

19 at 14.) Plaintiffs also allege that they demanded the return of the $65,000, that Defendants refused their demand, and that they have been damaged as a result. (ECF No. 1 ¶¶ 38-39.)

Defendant argues that Plaintiffs have not sufficiently alleged which of them owned the money, which had the right of possession, and which were allegedly damaged as a result of the conversion. (ECF No. 18-1 at 12.) The Term Sheet, however, does not specify which Plaintiff would advance money for expenses to Defendant. (*See id.*; ECF NO. 18-2.) Also, Plaintiffs assert that "they collectively owned and had the right to exercise ownership over the money and were damaged by the conversion." (ECF No. 19 at 15.) The Court is, therefore, not persuaded by Defendant's argument. The Court finds that Plaintiff's allegations, for purposes of the Motion to Dismiss, properly state a claim for conversion.

Accordingly, Defendant's Motion to Dismiss Plaintiffs' claim for conversion is denied.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 18) is DENIED in its entirety.

Dated this 27th day of June, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge